# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Galaxy Internet Services, Inc.,** on behalf of themselves, their customers, and all others similarly situated within the Commonwealth of Massachusetts.<br>Plaintiffs,<br><br>**GOOGLE INC., a Delaware Corporation;**<br><br>Defendant. | No.<br><br>CLASS ACTION ALLEGATION COMPLAINT<br><br>Invasion of Privacy; 18 U.S.C. § 2511, et seq.)<br>and<br><br>Violation of 201 CMR 17.00<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs individually and on behalf of the below-descibed class allege as follows:

## NATURE OF THE CASE

1. This is a class action based on existing federal and state law. Plaintiffs, on behalf of themselves, and all similarly situated persons seek recovery of monetary damages, penalties, attorney fees, and other relief based on certain acts of defendant, including invasion of legally protected privacy interests, acquisition of personal and private information without permission or consent, and violation of privacy and security and rights granted by 18 U.S.C. § 2511 et seq, and the Massachusetts data privacy law, 201 CMR 17.00.

## JURISDICTION AND VENUE

2. This court has original jurisdiction over this class action under 18 U.S.C. § 1332 (d) the Class Action Fairness Act ("CAFA"). The CAFA explicitly provides for the original jurisdiction

different from any Defendant, and where the matter in controversy exceeds the sum of $5 million exclusive of interests and costs. Plaintiffs allege that the claims of individual class members in this action exceeds $5 million in aggregate, exclusive of interests and costs, and that the total number of the members of the proposed class is greater than 100, as required by 28 U.S.C. § 1332(d), (5). The plaintiffs also assert that the Defendant is subject to the court's jurisdiction as defined in the provisions of M.G.L. c. 93H as codified in 201 CMR 17.03. As set forth below, plaintiffs are a corporate entity incorporated in Massachusetts, and defendant is a Delaware Corporation with its headquarters and main office location in California. This court also has jurisdiction under 28 U.S.C. § 1331 because plaintiffs have alleged violation of 18 U.S.C. § 2511, et seq.

3. Venue lies within this distrct pursuant to both 28 U.S.C. § 1391 (b)-(c) and 201 CMR 17.00-05 in that defendant conducts business in this District; certain acts giving rise to the claims asserted in the Complaint occurred within this District; the actions of Defendants alleged in this complaint caused damages to both the customers of Galaxy Internet Services, Inc. and its wholly owned subsidiary Brookline Wireless, and its other WiFi installations including Faneuil Hall in Boston, Massachusetts, Government Center in Boston, Massachusetts, and Grove Hall, in Boston Massachusetts, and to the corporate entity itself through the actions of the Defendant, and to the numerous sub-class members who use WiFi both on the public network operated by Galaxy, and on their home or business WiFi networks.

**THE PARTIES**

4. Plaintiff Galaxy Internet Services, Inc. (hereinafter "Galaxy) is a Massachusetts corporation. During the class period, Galaxy built, operated and maintained WiFi systems in Brookline, Massachusetts, Government Center in Boston, Massachusetts, Faneuil Hall in Boston Massachusetts, and Grove Hall in Boston Massachusetts. The WiFi networks owned and operated by Galaxy

provide wireless internet connections to transmit and receive both personal and private data, which includes but is not limited to emails (both corporate and individual), internet commerce including accessing merchant web sites where credit card information is provided for purchases, work related documents, online banking, stock trading, updating both private and public social networking sites such as Facebook, both individual and corporate transmittal of credit card information, online instant messaging, medical information, personal information such as date of birth, social security numbers, and telephone calls made using voice over internet protocol on Galaxy's wholly owned subsidiary, Galaxyvoice. Galaxy has also installed WiFi capable receivers in Brookline, Massachusetts police cars, first responder vehicles, and fire trucks.

6. Defendant Google Inc. ("Google") is a multinational public cloud computing and Internet search technologies corporation. Google hosts and develops a number of internet-based services and products. It was first incorporated as a privately held company on September 4, 1998, with its initial public offering to follow on August 19, 2004. Google is a Delaware corporation with it's Home office in the state of California. The company's web site stated mission from the outset of its existence has been "the immense volume of information that exists, and the scope of Google's mission: to organize the world's information and make it universally accessible." According to Google's website, of the "Ten things we know to be true" is (number seven on the list) "There's always more information out there."

**DEFENDANT'S CONDUCT**

7. One of Google's web-based and web-accessed internet services is Google Street View ("GSV"). GSV is a technology featured in the Google Maps and Google Earth product that provides panoramic views from various positions along many streets in the United States and throughout the world. It was launched on May 25, 2007, originally only in several cities in

the United States, and has since gradually expanded to include more cities and rural areas throughout the Commonwealth of Massachusetts, the United States, and worldwide. GSV displays images taken from a fleet of specially adapted vehicles ("GSV vehicles") as well as a new vehicle that Google has named the "Trike" which allows the Defendant to "reach areas not accessible by car, such as hiking trails, biking trails, and college campuses, just to name a few." (Source: Google website). Additionally, Google in 2010 introduced the Street View Snowmobile, equipped with a 4th generation camera mounted to take images.

    8. On each of the GSV vehicles there are typically nine directional cameras for 360 degree views at a height of about 2.5 meters, GPS units for positioning, three laser range scanners for the measuring of up to 50 meters 180 degrees in the front of the vehicle. There are also 3G/GSM/Wi-FI antennas for scanning 3G/GSM and Wi-Fi broadcasts (sometimes called "hotspots and/or access points") and associated electronic hardware for the capture and storage of wireless signals and data ("WiFi data").

    9. In 2006, Google generated programming code that sampled and decoded all categories of publicly broadcast WiFi data. This type or class of program is commonly called a packet analyzer, also known as a network analyzer, protocol analyzer or packet sniffer, or for particular types of networks, an Ethernet sniffer or wireless sniffer ("wireless sniffer"). As data streams flow across the wireless network, the sniffer secretly captures each packet (or discreet package) of information, then decrypts / decodes and analyzes its content according to the appropriate specifications. Google's software also captured network and router names (commonly called SSID's , an acronym for Service Set Identifier) which is information that uniquely names wireless networks, as well as MAC addresses (Media Access Control) which is a unique identifier assigned to most network adapters or network interface cards. The

GSV's data system collected "payload data", specifically 600 gigabytes of information that included email, video, audio components, documents, and other personal and business data sent over the Internet.

10. To view data secretly captured by a wireless sniffer in readable or viewable form, after being captured and stored in digital media, it must then be decoded using crypto-analysis or similar programming or technology. Because the data "as captured" by the wireless sniffer is typically not readable by the public absent sophisticated decoding or processing, it is reasonably considered and understood to be private, protected information by users and operators of home-based WiFi systems.

11. After Google collected and decoded / decrypted user's payload data, it stored the information on its servers. On information and belief, hundreds if not thousands of Google employees throughout the United States and the world have access to data maintained on Google's servers, including the decoded/decrypted payload data collected by the GSV vehicles. Google maintains a data retention program that keeps multiple backup copies of information including email.

12. Users had an expectation of privacy with respect to the payload data collected and decrypted / decoded by Google. Because the GSV packet sniffing data collection was done without consent and with software that is essentially undetectable, users could not, and did not give their consent to Google's activities.

**PLAINTIFF GALAXY INTERNET SERVICES, INC.'S EXPERIENCE**

13. Since the time Google began collecting user's payload data with its GSV vehicles, plaintiff Galaxy Internet Services, Inc., and its wholly owned subsidiary Brookline Wireless, has continually maintained and operated WiFi networks in Brookline and Boston Massachusetts.

The service provides free access for a limited period every day, and otherwise it is a pay for use service.

14. Brookline Wireless, and Galaxy's WiFi installations in Boston are used by government employees, corporate employees, and private citizens. Brookline Wireless and Galaxy's other WiFi installations carry data such as email, electronic faxes, voice over Internet protocol phones, and other computer data transmitted over the Internet. The data includes documents, social security numbers, credit cards, social network page updates, priviledged corporate and government documents, faxes and also instant messaging, and other forms of online communication.

15. Unauthorized access to Brookline Wireless and Galaxy's WiFi network invades the objectively reasonable expectation of privacy of both the plaintiff, and the customers they serve. There is a reasonable expectation of privacy in the transmittal of personal data over the Internet, and Defendant Google has invaded these privacy rights.

16. On information and belief, a GSV vehicle collected, and defendant has stored, and decoded/decrypted Brookline Wireless, and Galaxy's other data on at least one occasion, and the data of the sub-class of Massachusett's residents, and businesses.

## CLASS ALLEGATIONS

17. Plaintiff Galaxy Internet Services, Inc. and its wholly owned subsidiary Brookline Wireless, and the other WiFi systems it services, supports and maintains brings this action on their own behalf, and on behalf of the following sub-Class:

All residents within the state of Massachusetts whose wireless data was captured, stored, and decoded/decrypted by defendant, and all users of Galaxy's and its affiliates WiFi installations.

18. Excluded from this class are defendant, any person, firm, trust, corporation, officer, director, or other individual or entity in which defendant has a controlling interest or which is related to or affiliated with defendant, and the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

19. Plaintiffs and members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical.

21. This action involves questions of law and fact common to plaintiff Galaxy and all members of the Massachusetts Class which include:

> (a) Whether defendant has engaged in an unlawful invasion of plaintiff's and class members' privacy interests;
>
> (b) Whether defendant's conduct violated one or more of the provisions of 18 U.S.C. § 2511 et seq.;
>
> (c) Whether defendant's conduct violated 201 CMR 17.00-05;
>
> (c) The appropriate amount of nominal damages to compensate plaintiff and the class members for defendant's invasion of their privacy interests;
>
> (d) The appropriate amount of punitive damages under Massachusetts law necessary to punish defendant for its conduct, and prevent further, similar conduct by defendant and others in the future;
>
> (e) The appropriate amount of statutory damages that should be awarded to plaintiff and the class members under 18 U.S.C.§ 2520;
>
> (f) The appropriate amount of punitive damages necessary to punish defendant for its conduct, and prevent further, similar conduct, pursuant to 18 U.S.C. § 2520;

   (g) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from destroying their wireless data collected by defendant;

   (h) Whether plaintiff and the class members are entitled to injunctive relief enjoining defendant from obtaining any wireless data from any wireless network within the state of Massachusetts;

   (i) Whether plaintiff and the class members are entitled to injunctive relief relating to the proper and appropriate time and manner of disposition of the wireless data captured by defendant and belonging to plaintiff and their class members.

  23. The self-interests of the named Class representatives are co-extensive with, and not antagonistic to those of the absent Class members. The proposed representative will represent and protect the interests of the absent Class members.

  24. The named plaintiffs are willing and prepared to serve the Court and proposed class in a representative capacity with all of the required material obligations and duties. Plaintiffs will fairly and adequately protect the interests of the Class and have no interests adverse to or which directly and irrevocably conflict with the other members of the Class.

  25. The named plaintiffs have engaged the services of the counsel listed below. Counsel has experience in litigation, WiFi systems and their maintenance, instlallation, and support, and will protect the rights of and otherwise effectively represent the named Class representatives and absent Class members.

  26. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The

damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class to individually redress the wrongs done to them.   There will be no difficulty in the management of this case as a class action.

27. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for defendant.  Defendant has acted on grounds that apply generally to the Class, making equitable and monetary relief appropriate to the Class as a whole.

## FIRST CLAIM FOR RELIEF

### (Invasion of Legally Protected Privacy Interests- Galaxy class)

28. Plaintiffs reallege paragraphs 1 through 27, and further allege:

29. Defendant's conduct was an intentional intrusion upon plaintiff's and class members' private affairs or concerns, and would be offensive to a reasonable person.

30.  Defendant's conduct constituted the tort of invasion of privacy with respect to plaintiffs and class members.

31. Plaintiffs and class members are entitled to an award of nominal damages to compensate for defendant's invasion of their privacy.

32. The Massachusetts sub-Class in entitled to recover punitive damages in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future.

## SECOND CLAIM FOR RELIEF

### (Invasion of Privacy – Massachusetts sub-class)

33. Plaintiffs reallege paragraphs 1 through 30, and further allege:

34. Defendant has, at various times and through various of its representatives, publicly stated that it implanted code into the retrieval mechanisms of the GSV that would collect WiFi information, and store it for later access

35. Defendant's conduct constituted the testruction of the payload data collected from plaintiffs and class members would result in spoliation of evidence critical to proving (1) membership in the class, (2) the allegations in their legal claims, and (3) amount of damages.

36. Plaintiffs move this court, on behalf of themselves, the class, for a preliminary and permanent injunction barring defendant from destroying or altering any payload data collected within the state of Massachusetts.

## THIRD CLAIM FOR RELIEF

### (18 U.S.C. § 2511 et seq.)

37. Plaintiffs reallege paragraphs 1 through 36, and further allege:

38. Defendant's conduct was a violation of 18 U.S.C. § 2511.

39. Pursuant to 18 U.S.C. § 2520, each of the plaintiffs and each class Member is entitled to damages and relief as follows:

    (a) for each plaintiff and each class member, statutory damages of whichever is the greater of $100 each day that person's data was obtained by defendant, or $10,000.00 per violation suffered by that plaintiff or class member;

 (b) punitive damages in an amount to be determined by the jury,

  but sufficient to prevent the same or similar conduct by defendant

  and others in the future;

 (c) a reasonable attorney's fee and other litigation costs reasonably incurred.

## FOURTH CLAIM FOR RELIEF

### Violation of 201 CMR 17.00-05

40. Plaintiffs reallege paragraphs 1 through 39, and further allege:

41. Defendant's conduct was a violation of 201 CMR 17.00-05.

42. Pursuant to 201 CMR 17.00-05, each of the plaintiffs and each class Member is entitled to damages and relief as follows:

 (a) for each plaintiff and each class member, a civil penalty of $5,000 for each

  violation of M.G.L. c. 93H;

 (d) punitive damages in an amount to be determined by the jury,

  but sufficient to prevent the same or similar conduct by defendant

  and others in the future;

 (e) a reasonable attorney's fee and other litigation costs reasonably incurred.

## FIFTH CLAIM FOR RELIEF

### (Injunctive Relief)

43. Plaintiffs reallege paragraphs 1 through 42, and further allege:

44. Defendant has, at various times and through vairious of its representatives, claimed that it intends to destroy, as soon as possible, the payload data its GSV vehicles have collected.

45. Destruction of the payload data collected from plaintiffs and class members would result in spoliation of evidence critical to proving (1) membership in the class, (2) the allegations in their legal claims, and (3) the amount of damages.

46. Plaintiffs move this court, on behalf of themselves and the class, for a preliminary and permanent injunction barring defendant from destroying or altering any payload data collected within the Commonwealth of Massachusetts.

## REQUEST FOR RELIEF

Plaintiffs request a judgment:

A. Certifying this action as a class action as set forth above;

B. Awarding plaintiffs and class members injunctive relief to enjoin defendant from destroying or altering any payload data collected within the Commonwealth of Massachusetts;

C. Awarding nominal damages for defendants invasion of all plaintiffs' and all class members' privacy interests;

D. Awarding punitive damages to Galaxy and the Massachusetts sub-class for defendant's invasion of their privacy interests;

E. Awarding statutory damages under 18 U.S.C. §2520 to each plaintiff and to each class member equal to the greater of $100 for each day any plaintiff or class member's

    data was obtained by defendant, or $10,000 per violation suffered by each plaintiff or class member;

F. Awarding punitive damages under 18 U.S.C. §2520 in an amount to be determined by the jury, but sufficient to prevent the same or similar conduct by defendant and others in the future;

G. Awarding statutory damages under M.G.L. c. 93H as codified by 201 CMR 17.00-05.

H. Awarding a reasonable attorney's fee and other litigation costs reasonably incurred;

I. Awarding all other costs, relief, and damages legally available under the claims and allegations set forth in this complaint.

**Dated:** May 25, 2010.

Respectfully submitted,

  /s/ Robert H. Carp
Robert H. Carp
BBO: 676732
100 Needham Street 2nd Floor
Newton, MA 02464
Phone: (617)861-4529
Efax: 866-723-8737
rcarp@carplawoffices.com